UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| ROY E. DUNN | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | 1:10-cv-223 |
| | ) | *Chief Judge Curtis L. Collier* |
| ASSISTANT DISTRICT ATTORNEY DAVE | ) | |
| DENNY, Sue in his Official and Individual | ) | |
| Capacities; | ) | |
| | ) | |
| *Defendant.* | | |

## MEMORANDUM

Plaintiff Roy E. Dunn ("Dunn" or "Plaintiff") has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 against Hamilton County, Tennessee, Assistant District Attorney General Dave Denny ("Defendant") (Court File No. 1). Plaintiff claims Defendant has violated his right to a fair trial by an impartial jury of Hamilton County and his right to a fair sentence with the District Attorney's office because, although a matter of public record, Defendant posted the details of Plaintiff's prior criminal history and crime on Chattanooga.com,, and a radio and television station (Court File No. 1). Plaintiff requests two million dollars in compensatory damages and two and a half million dollars in punitive damages (Court File No. 1, at 5).

Also before this Court is an application to proceed *in forma pauperis* (Court File No. 3). For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED IN PART AND DENIED IN PART** (Court File No. 3), and his complaint will be **DISMISSED** (Court File No. 1).

I.     *Application to Proceed In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff is an inmate or prisoner in custody at the Hamilton County Jail, his *in forma pauperis* application will be **DENIED** to the extent he will not be excused from paying the filing fee but **GRANTED** to the extent that he does not have to pay the total fee at this time, but rather, he will be **ASSESSED** and **SHALL** pay the civil filing fee of three-hundred and fifty dollars ($350.00) under the Prisoner Litigation Reform Act ("PLRA"), Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Sheriff of Hamilton County Jail, the custodian of inmate accounts at the Hamilton County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the

State of Tennessee to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the PLRA relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate Plaintiff's file and follow the inmate if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.[1]

The plaintiff will also be **ORDERED** to notify this Court of any change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against Plaintiff without any additional notice or hearing by the Court.

## II.    Standard of Review

### A.    Pro Se Pleadings

All well-pleaded factual allegations contained in the complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" will not do. *Id*. at 555. Nevertheless, a *pro se* pleading must

---

[1] **Send remittances to the following address:**

> Clerk, U.S. District Court
> 900 Georgia Ave., Room 309
> Chattanooga, TN  37402

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Pro se* status, however, does not exempt a plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

   B.     *Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A*

The Court screens the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. Title 28 U.S.C. §§ 1915(e)(2) and 1915A require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination they are frivolous or fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim is frivolous and lacks an arguable

basis in law, on its face, when the complaint bears an affirmative defense such as the statute of limitations. *Dellis v. Corrections Corporation of America*, 257 F.3d 508, 511 (6th Cir. 2001);*Day v. E.I. Du Pont De Nemours and Co.*, 165 F.3d 27 (6th Cir. Sept. 17, 1998), *available in* 1998 WL 669939 at *1 (the *sua sponte* dismissal of *in forma pauperis* complaint appropriate under 28 U.S.C. § 1915(e)(2) where complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face)(citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)). A claim lacks an arguable basis in fact when the factual contentions are clearly baseless or when the claim pertains to the infringement of a legal interest that clearly does not exist. *Neitzke v. Williams*, 490 U.S. at 327-28.

### III.     *Facts*

The Court liberally construes the facts stated in the complaint in the light most favorable to Plaintiff. Assistant District Attorney Dave Denny posted Plaintiff's criminal background and information about pending charges on Chattanoogan.com, radio station 95.3, and Channel 3 News. As a result of this posting, Plaintiff alleges his right to a fair trial by an impartial jury and to a fair sentence by the Hamilton County District Attorney's office, has been violated. It is unclear, however, whether Plaintiff's criminal case is pending or has been adjudicated.

### IV.     *Analysis*

Plaintiff brings suit against Hamilton County, Assistant District Attorney General Denny in his official and individual capacities. The Court will address the claims against Defendant in his official capacity first.

#### A.     *Claim Against Assistant District Attorney in his Official Capacity*

Defendant Assistant District Attorney Denny is a state employee. Tenn. Code Ann. § 8-42-101(3)(A). Suing a state officer in his official capacity for damages is equivalent to suing the state

5

itself which is prohibited by the Eleventh Amendment. *Wells v. Brown,* 891 F.2d 591, 592 (6th Cir. 1989) (citing *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989) (state officials sued in official capacity for damages are absolutely immune from liability under the Eleventh Amendment)). The Eleventh Amendment bars such suit unless the State has waived its immunity, *Welch v. Texas Dept. Of Highways and Public Transportation,* 483 U.S. 468, 472-473 (1987) (plurality opinion), or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity. *Will v. Michigan Dept. Of State Police,* 491 U.S. at 65. Plaintiff has not shown, nor does this Court find, that the State has waived its immunity or that Congress has exercised its power to override that immunity in this situation. Moreover, the United State Supreme Court has ruled "that neither a state nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71. Thus federal courts do not have subject matter jurisdiction over causes of actions against officers of a state being sued in their official capacity for damages. *See Cummings v. Wilkerson,* 134 F.3d 370, (Table, text at 1998 WL 30803, at *1 (6th Cir. Jan. 23, 1998), *citing Wells,* 891 F.2d at 593). Accordingly, the claims against Assistant District Attorney Denny in his official capacity will be **DISMISSED.**

### B. *Claim Against Assistant District Attorney in his Individual Capacity*

Plaintiff alleges Defendant publicized his prior criminal history and pending criminal charges. Absolute prosecutorial immunity protects government officials from individual liability for actions undertaken "in the exercise of their duties[,]" *Burns v. Reed*, 500 U.S. 478, 386-87 (1991), and extends to those activities falling within a prosecutor's role as advocate for the state. *Blakely v. United States*, 276 F.3d 853, 871 (6th Cir. 2002). Therefore, prosecutors are afforded immunity for their conduct in "initiating a prosecution and in presenting the State's case," inasmuch as that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v.*

6

*Pachtman*, 424 U.S. 409, 430-31 (1976).

Plaintiff's allegations that Defendant Denny made various statements to the news media about Plaintiff's prior criminal history and pending charges challenge activities that were not inherently prosecutorial in nature. Acts not inherently prosecutorial in nature are not protected by absolute immunity but rather, are protected by qualified, good-faith immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 277-78 (1993). For the reasons explained below, not only has Plaintiff failed to sufficiently allege a claim, even assuming a claim is alleged, Defendant is entitled to qualified immunity.

First, these allegations fail to state a § 1983 claim because Plaintiff has not identified any false statements and has failed to provide any factual support to his claim that the statements have deprived him of a fair trial and sentencing. Plaintiff acknowledges all this information was a matter of public record and makes no claim any of the statements were false. Not only has Plaintiff failed to identify the specific information he alleges Defendant communicated to the media, he has failed to demonstrate the information Defendant allegedly provided to the media is sufficiently inflammatory and prejudicial so as to deny him of his right to a fair and impartial jury at trial or, assuming he has already been tried, denied him of an impartial jury or fair sentence. Consequently, Plaintiff's bald allegations that Defendant provided the media with information that is a matter of public record, without identifying the specific information he alleges was provided to the media, fails to state a constitutional violation.

Furthermore, Plaintiff has failed to provide any evidence demonstrating Defendant did, in fact, provide the information to the media. Thus, these factually unsupported conclusions are insufficient to raise a constitutional violation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level

7

(citation omitted). Indeed, under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right secured by the United States Constitution or laws of the United States, and the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155-57 (1978). Plaintiff's complaint against Defendant fails to satisfy the first requirement under 42 U.S.C. § 1983. Plaintiff's factually unsupported claim that Defendant's communication with the media violated his right to a trial by an impartial jury and right to a fair sentence is insufficient to state a constitutional violation.[2] Therefore, Plaintiff's claim will be **DISMISSED** for failure to state a claim upon which relief may be granted.

Assuming, for the sake of discussion, Defendant did provide the information regarding

---

[2] Although it is unclear whether Plaintiff's state criminal case is pending, the Court makes a couple of observations. Even assuming Plaintiff's state case is pending, he has stated a sufficient claim, and Defendant is not entitled to immunity, Plaintiff's complaint is still subject to dismissal as it is well settled that a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court except in extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Under the abstention doctrine established by *Younger*, the target of an ongoing state prosecution is required to raise any and all constitutional claims as defenses to that action in the state courts and may not file a collateral federal action raising the same claims. *See Gottfried v. Medical Planning Service, Inc.*, 142 F.3d 326, 329 (6th Cir.), *cert. denied*, 525 U.S. 1041 (1998). If the relief sought would disrupt the state criminal proceeding, it is generally prohibited by the *Younger* doctrine. A United States court only has the power to enjoin state officers from instituting criminal actions when absolutely necessary under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. *Younger*, 401 U.S. at 43-46, *Douglas v. City of Jeannette*, 319 U.S. 157 (1943). No extraordinary circumstances have been alleged here.

In addition, even if Plaintiff has been convicted, he would not be entitled to relief because he has not demonstrated a favorable termination of his state criminal case. *Heck v. Humphrey*, 512 U.S. 477 (1994) mandates dismissal of Plaintiff's complaint because no claim for damages can be made in federal court if a federal court judgment in favor of the plaintiff would imply the invalidity of the plaintiff's conviction, continued imprisonment, or sentence in state court. *Id.*, at 486-87. Indeed, to bring a case of this nature in federal court, Plaintiff must first have his state court conviction and sentence reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. *Id*. Absent a such a favorable termination, *Heck* requires the Court to dismiss the complaint.

8

Plaintiff's criminal history and the crime to the media, such acts are protected by qualified, good-faith immunity. *Buckley v. Fitzsimmons*, 509 U.S. at 268. "Under this form of immunity, government officials are not subject to damages liability for the performance of their discretionary functions when 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In this claim, not only has Plaintiff failed to demonstrate Defendant did in fact make any statement to the media, Plaintiff has also failed to identify any false statement made by Defendant and provide any factual support to his bald claim Defendant Denny violated his constitutional right to a fair and impartial jury by the statements Defendant allegedly made to the media.

Nevertheless, even if Defendant's statement regarding the crime did somehow violate Plaintiff's rights, Defendant would be entitled to qualified immunity from liability of those statements as it is not at all established (much less was it clearly established at the time of the relevant events) that an Assistant DA's public statements of the type alleged here by Plaintiff might violate the constitutional rights of someone in Plaintiff's position. Plaintiff has not cited, and the Court's research did not reveal a case clearly establishing a prosecutor's statement to the press about a defendant's prior criminal history or the facts of a pending criminal case violates a defendant's constitutional rights. *See Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) ("For qualified immunity to be surrendered, pre-existing law must dictate, that is truly compel (not just suggest or allow to raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances.") (punctuation and citations omitted)). "The burden of convincing a court that law was clearly established rests squarely with the plaintiff." *Id.* (punctuation and citation omitted).

9

Accordingly, for the reasons explained above, Plaintiff has failed to state a claim against Defendant in his individual capacity and alternatively, Defendant is entitled to immunity from Plaintiff's claims against him in his individual capacity. In addition, the *Younger* abstention doctrine and the *Heck* favorable termination doctrine requires the Court to dismiss the complaint.

## V.     *Conclusion*

Accordingly, the Court finds Plaintiff has failed to set forth any claim that would entitle him to relief under 42 U.S.C. § 1983 as he has failed to provide any factual support to his claim. In addition, assuming Plaintiff stated a claim, Defendant is absolutely immune from liability in his official capacity under the Eleventh Amendment and qualified immunity protects him from liability in his individual capacity. Furthermore, assuming Defendant is not entitled to immunity, the *Younger* abstention doctrine and the *Heck* favorable termination doctrine requires the Court to dismiss the complaint. Plaintiff's complaint will be **DISMISSED** *sua sponte* for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. 28 U.S.C. §§ 1915A and 1915(e).

A judgment order will enter **DISMISSING** Plaintiff's complaint in its entirety.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**